## H. A. PIPER v. ST. PAUL TRUST CO. ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 6, 1891—Decided February 23, 1891.

Costs in equity are largely in the discretion of the court below, and its decree will not be interfered with except for strong reasons.　In this case, the master and the court below concurring in imposing the costs upon the plaintiff on the dismissal of his bill, the question by whom they should be paid being the main contention, the decree was affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 225 January Term 1891, Sup. Ct.; court below, No. 4 March Term 1883, C. P. in Equity.

On March 27, 1883, Henry A. Piper filed a bill in equity against Norman W. Kittson, and others, averring that the plaintiff was the owner of a grist and merchant mill on the Wissahickon, the head race being the waters of said stream passing through the land of said Kittson; that the plaintiff and those under whom he claimed had enjoyed the water right for over seventy years, with the right to have the race and stream of water kept unobstructed, with a cartway on each side; and that the defendant and his employees were building a bridge

across the race, with abutments on the cartways and a pier in the middle of the stream; praying for an injunction. A motion for a preliminary injunction was refused. On June 4, 1883, an amendment of the bill was allowed and filed, averring that the defendant had completed the bridge, had made high embankments preventing the exercise of the rights claimed, and had obstructed and changed the course of the water.

The defendants having answered, denying all the rights claimed on the part of the plaintiff in the bill, and that the bridge as constructed did any injury to the plaintiff, issue was joined and the cause referred to *Mr. David Tyson*, as examiner and master.

In 1884, there came a freshet which swept away the entire bridge erected by defendant. Thereupon, the defendant put up a second bridge, at the same place, spanning the stream by a single arch, with room on either side sufficient for cartways underneath. The plaintiff, being satisfied with this bridge, then applied to the court for an order vacating the appointment of the master, and for leave to discontinue the proceedings, on payment of the costs by the defendant. The defendant objecting to the terms upon which the plaintiff asked the order, the court, on April 2, 1888, made an order granting leave to plaintiff to discontinue, " the master before whom proceedings are pending to pass upon the question of costs." On April.24th, plaintiff renewed his application. Thereupon, after argument, the court, SWARTZ, P. J., filed the following opinion:

The plaintiff renews his application for an order vacating the appointment of the master. We endeavored to give relief by granting him leave to discontinue the equity proceedings, the master to pass upon the costs. We understood the defendants agreed to this order; it now appears that no such concession was intended. From the notes of the master, we learn that the plaintiff declines to discontinue the proceedings or have the bill dismissed before the master shall have passed upon the question of costs. We therefore rescind the order of April 2, 1888.

We cannot dismiss the bill without passing upon the merits of the complaint, except by agreement of the parties; at least, we ought not to do so, as long as the question of costs is in dispute. The case should take the usual and ordinary course

Opinion of the Court.

before the master. He cannot properly pass upon the liability for costs without first determining the merits of the plaintiff's complaint, and we should have the benefit of the master's views and findings before the case comes before us for a final decree. The master has closed the case, and we cannot open it except for cause shown after notice to the defendants.

—On October 9, 1889, the death of Norman W. Kittson was suggested, and the St. Paul Trust Co., his executor, and Louis and James E. Kittson, his devisees, were substituted.

On June 10, 1890, the master filed his report, passing upon the questions of fact and of law arising on the merits of the controversy, and recommending a decree that the plaintiff's bill be dismissed at his costs. Exceptions filed by the plaintiff to the master's report, overruled by the master and renewed before the court, after argument thereof were overruled, opinion by WEAND, J., filed October 6, 1890, and a decree entered as recommended by the master, the master's fee being fixed at $300. Thereupon, the plaintiff took this appeal, specifying that the court erred, inter alia, in dismissing the plaintiff's bill and in imposing the costs upon the plaintiff.

*Mr. G. R. Fox, Jr.*, (with him *Mr. G. R. Fox* and *Mr. John G. Johnson*,) for the appellant.

*Mr. Joseph Fornance* and *Mr. Charles Hunsicker*, for the appellees.

PER CURIAM:

There is little in this case beyond the question of costs. At one stage of the litigation the complainant applied to the court below to permit him to dismiss his own bill, upon the payment of the costs by the defendants. This somewhat unusual request was denied, and the case was then proceeded with for the purpose of ascertaining upon whom the costs should fall. The master and the court below decided that the plaintiff should pay the costs, and we have been furnished with no sufficient reason why he should not. Costs in equity are largely in the discretion of the court below, and we would not interfere with that discretion except for strong reasons.

The decree is affirmed and the appeal dismissed, at the costs of the appellant.