# National Accident & Insurance Co., Appellant, *v.* Workmen's Circle Inc. et al.

*Easements — Right of way — Alley — Fire escape over alley — Public way—Enjoyment of easement—Injunction—Parties—Public authorities.*

1. No one can be heard to complain in judicial proceedings unless he himself has been injured.

2. Only the public authorities can be heard to complain of injuries to public ways, as such.

3. The holder of an easement can be heard to complain only of injuries thereto.

4. The owner of the fee of land, subject to an easement, has the right, as against all the world, to build under or over the land, so long as he does not affect the right of the owner of the easement to the full enjoyment thereof.

5. The court will not, at the instance of one who has only an easement of a right of way over the soil of an alley, enjoin the construction of a fire escape above the soil, if it in no way interferes with the enjoyment of his right of way.

*Equity—Costs—Division of costs—Discretion of court.*

6. The allowance of costs in equity is in the sound discretion of the chancellor, and he will not be reversed except for an abuse thereof.

7. Where neither litigant wins all his contentions, a division of the costs is not an abuse of discretion.

Argued January 12, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 248, Jan. T., 1926, by plaintiff, from decree of C. P. No. 3, Phila. Co., Sept. T., 1925, No. 5417, dismissing bill in equity, in case of National Accident & Health Ins. Co. v. Workmen's Circle Lyceum Federation, Inc., and William M. Smelo, Frank E. Hahn et al. Affirmed.

Bill for injunction to restrain construction of fire escape over soil of alley. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*John G. Kaufman,* for appellant.—A fire escape was an improper construction over the right of way: Schmoele v. Betz, 212 Pa. 32; Hacke's App., 101 Pa. 245; Ellis v. Academy of Music, 120 Pa. 608; Mershon v. Walker, 215 Pa. 41; Stuart v. Gimbel Bros., 285 Pa. 102; Gebhart v. Graves, 36 Pa. Superior Ct. 228.

It was an abuse of discretion to divide the costs between the parties.

*Samuel J. Gottesfeld,* with him *Harry Shapiro,* for appellees.—An abutting owner may construct balconies overhanging such portion of an alley the fee of which is in him, if they do not obstruct or interfere with the use of the alley as a passageway: Carter v. Lebzelter, 45 Pa. Superior Ct. 478; Mercantile Library Co. v. Trust Co., 235 Pa. 5; Duross v. Singer, 224 Pa. 573.

The court did not abuse its discretion as to costs: Miller v. Dilkes, 251 Pa. 44; Guckenheimer & Bro. v. Kann, 243 Pa. 75.

OPINION BY MR. JUSTICE SIMPSON, April 11, 1927:

More than a century ago, the owner of a lot of ground in the City of Philadelphia, situate on the south side of Locust Street, plotted two alleys through a part of it, one 10 feet wide and 134 feet long, extending from Locust Street southward between lines respectively 100 feet and 110 feet west of 8th Street, and the other 9 feet wide extending westwardly 87 feet from the end of the first named alley to Darien Street. The first lot sold, in accordance with this plotting, was on the east side of the 10 feet wide alley, and the deed therefor named this alley as a boundary, and gave to the grantee, his heirs and assigns, "the free and common use and privilege of the said 10 and 9 feet wide alleys and of the water course over and along the same." Plaintiff derives its title through this purchase, and, as the rear end of its property abuts on the 10 feet wide alley, has the specified easement in both alleys. Shortly thereafter two lots were sold on the same day, one for a property at the southeast corner of Locust and Darien Streets, 18 feet front on Locust Street by 60 feet deep, and the other for the balance of the larger lot west of the 10 feet wide alley and north of the 9 feet wide alley. The former property did not abut on, and the deed for it did not refer to, either alley; the deed for the latter specified the two alleys as boundaries, and gave to the grantee, his heirs and assigns, an identical easement with that above quoted. Defendant derives its title through the latter deed.

On December 15, 1824, the Musical Fund Society of Philadelphia purchased the last named lot, and erected on it one of the landmarks of the city, long and favorably known as Musical Fund Hall. Exactly when the hall was built is not shown, but it was prior to 1856, in which

year the first Union Republican National Convention met there, and nominated Fremont for president. In 1904, under the direction of the city authorities, the society constructed a fire escape over the north half of a part of the 10 feet wide alley, its platform being some 17 feet above the surface of the alley. So far as appears, no one ever objected to its construction or maintenance, though it must have continued, as originally built, for more than twenty years. The rear of plaintiff's property was immediately opposite this fire escape.

On June 14, 1924, defendant purchased from the Musical Fund Society of Philadelphia, the last named lot, and also the additional small one at the southeast corner of Locust and Darien Streets, which the society had theretofore acquired, and proceeded to alter the interior but not the exterior of the hall, and to construct a building adjoining, so as to adapt the two to defendant's business. As a condition to permitting this to be done, the city's bureau of building inspectors required that the old fire escape be taken down, and that a new and more modern one be constructed in its place, which should also extend along the 9 feet wide alley. Thereupon the present bill in equity was filed, seeking to prevent the construction of any fire escape over the soil of either alley, though the new one was at a greater distance above the ground than the old one had been. Other objections were made to defendant's attempted use of the alleys, but these were all satisfactorily removed before final decree, leaving the fire escape as the only bone of contention. The court below dismissed the bill, but divided the costs between the parties, and plaintiff took this appeal.

The relevant inquiry is a much narrower one than the parties seem to think. Since, in judicial proceedings, no one can be heard to complain unless he himself has been injured, it is a matter of indifference whether or not the alleys are now public or private ways, and, if private, whether the fee remained in the original grantor, after

his conveyances of the abutting properties, or passed thereby to the abutting owners. If they are now public ways, then the public authorities are the only ones who can complain of anything except an injury to the easement: Sagerson v. Nathan Realty Co., 281 Pa. 358. If the alleys are still private ways, and the fee in them did not pass to the abutting owners, then the original grantor of the land, and his heirs and assigns, as the owners of the fee, are the only ones who can be heard to complain of an injury to it, and plaintiff can complain only of an injury to its easement. As is said in Mershon v. Walker, 215 Pa. 41, 42, "while they [appellants] have standing to complain of any obstruction to or interference with the free and full exercise of the privilege they have on the surface of the court, they cannot have any with respect to any *invasion by others* above or beneath the surface not affecting them." If the fee to the center of the alleys passed to the abutting owners, by virtue of the original conveyances, then plaintiff would have the right to object to any construction under or over the half part of so much of the 10 feet wide alley as abutted on his property (of which, however, there is none), and of any injury to his easement in the whole of both alleys; and defendant would have the right, as against all the world, to build under or over that half of the alleys which it owns in fee, so long as it did not injure plaintiff in the full enjoyment of the easement: Mershon v. Walker, supra; Stuart v. Gimbel Bros., 285 Pa. 102.

It thus appears that plaintiff's standing to object depends, in every aspect of the matter, on its being able to show that it has been injured by defendant's construction of the fire escape, and here its case wholly fails. The court below found there had been no injury, and a careful study of the record shows this to be so. It was at first claimed that the new fire escape cut off plaintiff's light and air, but when the absurdity of this was made manifest by the fact that the solid wall of defend-

ant's building, against which the fire escape is built, extends from the ground to a point 15 feet above the platform of the fire escape, the complaint degenerated into one that plaintiff's officers did not like the looks of the platform; an objection which, if it could ever be cognizable in equity, would fail here because not referred to in the pleadings nor included in the easement.

What has been said applies to the complaint that the easement has been surcharged, since the newly constructed part of defendant's building now gets the benefit of the fire escape. Plaintiff has not been injured thereby, even if the facts upon which it relies for its contention are true; no part of the fire escape projects over land which plaintiff owns, and no injury has been shown to its easement, because of that construction.

The only other thing to be considered is an objection to the division of the costs in the court below. On this point the decision is not only buttressed by the rule that the disposition of costs in equity is in the sound discretion of the chancellor, and that no abuse thereof has been shown, but also by the fact that plaintiff was defeated in its main contention, as above set forth, and surely cannot justly complain because made to pay a share of the costs thus occasioned.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of appellant.