Stalwart Building & Loan Assn., Appellant, *v.*
Cecilia Mary Monahan et al.

Argued October 21, 1931.

Before TREXLER, P. J., KELLER,
LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*M. Jacob Markmann,* and with him *A. J. Nydick,* for
appellant.

*James L. Adams,* for appellees.

OPINION BY TREXLER, P. J., March 5, 1932:

The Stalwart Building & Loan Association filed a bill in equity praying that a certain conveyance of real estate in the City of Philadelphia be declared fraudulent.

Cecilia Mary Monahan gave a mortgage on premises 833 E. Ontario Street, Philadelphia, to the above association, dated August 4, 1927, for the just sum of $1,700, providing for the payment of $10 per month on ten shares of the stock of the association which were held as collateral security for the payment of the debt.

She conveyed the premises thereafter to Archibald F. Borbeck and Anna F. Borbeck. On or about the 17th of January, 1929, the Borbecks asked the building and loan association to transfer the ten shares of stock to them, stating that they had bought them from Mrs. Monahan and desired an assignment of them. This was done, subject to the lien of the association, which as already stated, held the shares as collateral security for the loan above mentioned. At the same time, the association exacted a bond from the Borbecks for $3,400, conditioned upon the prompt payment of all contributions, interest and premiums that might be due on said shares and for the performance of the provisions of the bond and mortgage.

On May 26, 1930, the Ontario Street property which was covered by the mortgage of the building and loan association was deeded back to Mrs. Monahan, it having been arranged when she parted with it, that this might be done if the vendees were unable to carry it.

The Borbecks, on the 11th of July, 1930, conveyed to Annie Martin, a property on Meadow Street and one on Tampa Street. These, it will be noticed were not bound by the building association mortgage.

On the 15th of July, 1930, the Borbecks defaulted in their payments to the association and on the 31st of

July, it entered judgment against them. The association alleges that the transfer of both the above properties was made to prevent the lien of the impending judgment from attaching to them and they pray, therefore, that the Borbecks and Annie Martin be restrained from selling, encumbering or otherwise exercising dominion over the properties and asking that a receiver be appointed to preserve the rights of the parties interested. All the facts above narrated are admitted by the defendants, except, of course, they deny any fraudulent intent or any wrong-doing in conveying the above properties to Annie Martin, but claim that the deed in question was given in good faith for an adequate consideration.

Judge HENRY, specially called in to preside as chancellor, dismissed the bill and the court in banc entered a similar decree.

The Act of May 21, 1921, P. L. 1045, Section 6, relied upon by the plaintiff appellant provides: ''Every conveyance made ...... without fair consideration, when the person making the conveyance ...... intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors,'' and argues that the present case falls within the provisions of the act.

The chancellor found as a fact that at the time the deed was given, the vendors, the Borbecks owed Mrs. Martin for cash received at various times $530 and for personal property which she had turned over to them $500, or a total of $1,030. The premises on Meadow Street were estimated to be worth $3,000, subject to a mortgage amounting to $4,200 and the Tampa Street property was valued at $2,000, subject to a building association mortgage of $1,300 which was eleven years old and which presumably was almost extinguished. If we consider the transfer as one transaction, and take both properties together, the total

value would be $5,000, and the mortgages of them would aggregate $4,200 and in addition whatever balance there was still due on the building association mortgage. In other words, there would be an equity of about $800 for which Mrs. Martin paid by cancelling her antecedant debt, $1,030. There was evidence that the vendee considered the mortgages on the Meadow Street property as an existing obligation which she would be required to keep up and has kept it up since the transfer. The learned chancellor concluded that under all these facts, that the consideration for the transfer of these properties was not inadequate. We quote from Judge HENRY's opinion: ''In considering this question it must not be overlooked that at the time of making the loan and the giving of the bond and mortgage by Cecilia Mary Monahan, the complainant was depending upon the security of the real estate and the personal obligation upon the bond, to secure its loan. When the property was transferred from Cecilia Mary Monahan to Archibald F. Borbeck and Anna F. Borbeck, the additional security of a bond for $3,400 was exacted from them, the original security by Cecilia Mary Monahan still being retained by the complainant, and when the property was re-transferred to Cecilia Mary Monahan, both the security given by her originally and the security of the bond given by the Borbecks were again retained by the complainant. The real purpose in the taking of this security was to protect the complainant for the time being for the accruing premiums on the stock and the interest upon the mortgage; and it was hardly within the intention of the parties when the additional bond was taken from the Borbecks, that this bond continue after they had parted with their ownership of the property covered by the mortgage and their stock in the complainant corporation.'' Although it was a transaction between near relatives, Mrs. Martin being the mother

of Mrs. Borbeck, the mere fact of relationship did not prevent the transfer or sale of the property. The chancellor found that there was no proof of collusion on the part of Annie Martin and cites, American Trust Co. v. Kaufman, 287 Pa. 461, where it was held: "Where an adequate consideration has been paid for a conveyance, of course it cannot be set aside, in the absence of proof that the grantee was a party to the fraudulent attempt to hinder, delay or defraud creditors."

Great weight is to be given to the chancellor's findings where as in this case they depend for a large degree on the credibility of witnesses whom he saw and whose testimony he is best able to weigh: Belmont Laboratories, Inc. v. Heist, 300 Pa. 542.

If the chancellor's findings are affirmed by the court in banc and upon appeal such findings appear to be supported by proof sufficient to require their submission to the jury and a trial by law, the findings will not be disturbed: Peel v. Peel, 303 Pa. 397; Garland v. Trout, 303 Pa. 545. We think such is the case in the present suit.

We are all of the opinion that there was sufficient evidence to support the finding of the chancellor that there was adequate consideration for the transfer of the real estate.

The decree is affirmed, the appellant to pay the costs.