## Miller et al. *v.* Miller et al., Appellants.

Argued November 21, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*F. B. Holmes,* with him *Aaron Goldsmith, C. C. Shull* and *C. D. Shull,* for appellants.

*David B. Skillman,* with him *W. B. Eilenberger* and *Harvey Huffman,* for appellee.

OPINION BY BALDRIGE, J., June 3, 1935:

In this proceeding in equity for an accounting, we have, this day, filed an opinion in a case between the same parties, disposing of the main questions in controversy.

This appeal is from that portion of the decree of the court below imposing three-fourths of the costs on the appellees and one-fourth on the appellants.

In view of the fact that no account of any kind was made between the date of the death of Rufus W. Miller on October 11, 1925, and the filing of the bill in 1929, we think the learned court below was justified in imposing the greater part of the costs on the appellees, even though they won in that court. Equity Rule 84 provides: "Ordinarily the costs should follow the decree, but in proper cases they may be directed to be paid, in whole or in part, by some other party to the cause, or out of a fund for distribution." Disposition of the costs in an equity proceeding is largely within the discretion of the court below, and its decree will not be interfered with except for strong reasons: Piper v. St. Paul Trust Co. et al., 140 Pa. 233, 21 A. 317; Williams et al. v. The Concord Congregational Church et al., 193 Pa. 120, 44 A. 272; Guckenheimer v. Kann, 243 Pa. 75, 89 A. 807.

Finding no abuse of discretion in the disposition of the costs, the decree of the lower court is affirmed, at appellants' costs.