Melown et ux., Appellants, *v.* Penn Real Estate
Company et al.

Argued October 16, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*J. J. Kintner,* for appellant.

*A. Lloyd Adams,* with him *Frank P. Barnhart,* for appellees.

OPINION BY RHODES, J., February 28, 1936:

This is a bill in equity brought by the plaintiffs against the defendants, seeking the cancellation of a written agreement for the purchase of real estate and of a mortgage executed by the plaintiffs to secure a note given in pursuance of the agreement. The defendants filed an answer, and hearing was held before the chancellor. He decreed that the agreement and mortgage be canceled, and that the mortgage money be returned to the mortgagee; that the plaintiffs pay the interest on the mortgage to the date of such payment, an attorney fee of $75 to the defendant Penn Real Estate Company, and $200 compensation to the defendant Penn Real Estate Company; and that the plaintiff Samuel P. Melown and the defendant Penn Real Estate Company each pay one-half of the costs. This decree was modified and approved by the court in banc; the $200 compensation to be paid to the defendant Penn Real Estate Company being reduced to the sum of $100. From the final decree, plaintiffs bring this appeal.

Appellants' statement of the questions involved raises two questions for our consideration: (1) Whether the appellants were liable for attorney fees and compensation to defendant Penn Real Estate Company; and

(2) whether the imposition of one-half of the costs on the appellant Samuel P. Melown was proper.

The appellants base their position on three propositions: (1) That the appellants performed, or stood ready to fulfill, their part of the contract; (2) that it was the duty of the defendant Joseph Siciliano, or the defendant Penn Real Estate Company, to tender a good and sufficient deed for the property covered by the agreement; and (3) that the costs should follow the award under Equity Rule 84.

Neither the facts nor the law supports appellants' contentions.

The appellants, on November 28, 1931, entered into a written agreement with the defendant Siciliano, representing the Penn Real Estate Company, to purchase a farm owned by David E. Christner and wife, and located in Somerset County. Siciliano had an option to purchase the Christner farm, which option finally expired on February 26, 1932. According to the written agreement between the appellants and Siciliano, the purchase price of the farm was $3,000, and was to be paid as follows: "Note for $1,500 dollars upon the signing and delivery of this agreement, the receipt whereof is hereby acknowledged, and the balance of said purchase price to be paid as follows: To be secured by Purchase Money Mortgage and Bond payable at the rate of $200 per year or more with interest thereon at the rate of 6% per annum. The above note for $1,500 is to be secured by a first mortgage on property located at 258 Cypress Ave., Johnstown, Cambria County, Pa., now owned by the parties of the second part [appellants]."

The agreement also provided that, in the event Siciliano was unable to give a good title, the moneys paid by the appellants should be returned and the agreement canceled, and that, if the appellants failed or refused to comply with the terms of the agreement, the

money already paid by them should be forfeited as liquidated damages and as compensation for services rendered, and the agreement should thereupon become null and void. Possession was to be given on or before April 1, 1932.

In pursuance of the agreement, appellants executed a mortgage for $1,500, covering the property at 258 Cypress Avenue, Johnstown, Pa., in favor of George Sargent, another defendant. This mortgage was recorded by Siciliano, and the proceeds were turned over to him, but they were not applied to payment on the purchase price of the Christner farm. At the time the appellants signed the written agreement to purchase the Christner farm, and at the time of the execution of the mortgage by them, there was a judgment of record of approximately $300 against the appellants' property in Johnstown. The Christner farm was subject to the lien of judgments in the amount of $980.44, and of unpaid taxes of $44.

The agreement was not consummated. The primary dispute in this case is—Who was in default under the agreement? Defendants allege that the appellants were in default; that, since the $300 lien against the appellants' property was never satisfied, the $1,500 could not be secured by a first mortgage thereon, as the agreement provided, nor could the $1,500 raised on the mortgage be applied to the purchase price of the Christner farm.

Appellants, on the other hand, allege that the defendant Siciliano was at fault; that Siciliano knew of the $300 lien existing against the appellants' property at the time of the agreement, and promised to satisfy the same out of the $1,500 raised on the mortgage placed thereon; that neither the defendant Siciliano nor the defendant Penn Real Estate Company tendered them a deed, nor could they do so, when the appellants filed their bill in equity on March 4, 1932, since Siciliano's

option had admittedly expired on February 26, 1932; that there were liens against the Christner farm greater than the $300 judgment against the appellants' property; and that they could not be held in default until one of the defendants had first tendered them a deed, although a $300 judgment did exist against their property.

The findings of fact by the chancellor may be summarized as follows: The appellants executed an agreement in writing with the defendant Joseph Siciliano, representing the Penn Real Estate Company, for the purchase of 25 acres of land in Somerset County, together with the stock, etc., thereon, the title to which was then vested in David E. and Effie M. Christner. The purchase price therefor was $3,000, which was to be paid by the appellants' giving a $1,500 note secured by a first mortgage on the property of the appellants in Johnstown, and the balance to be secured by a purchase-money bond and mortgage on the property to be purchased. Appellants' property, at the time of the execution of the agreement, was encumbered by the lien of a judgment in the amount of $300, and so remained. The defendant Sargent gave the defendant Siciliano the sum of $1,500, which was to be paid to the appellants upon the execution by them of a first mortgage on their property. Appellants executed a bond and mortgage, in the amount of $1,500, to defendant Sargent, which was recorded in Cambria County. The mortgage remains unsatisfied, and the mortgagors received no part of the real debt from the defendant Sargent or from any other source. The Christners, after the expiration of their option to the defendant Siciliano, sold a portion of their farm. Neither the defendant Siciliano nor the defendant Penn Real Estate Company was able to pay off the lien against the appellants' property out of the Sargent money, as the full amount of the loan by

Sargent was required to pay the hand money to the Christners.

There was sufficient evidence to support the chancellor's findings of fact. Where a chancellor's findings of fact are affirmed by the court in banc, and upon appeal such findings appear to be supported by proof sufficient to require their submission to a jury and a trial by law, the findings will not be disturbed. Stalwart Building & Loan Assn. v. Monahan et al., 104 Pa. Superior Ct. 498, 502, 159 A. 189, 191; Hohenstein v. Perelstine, 37 Pa. Superior Ct. 540; Stern et al. v. Gorson, 315 Pa. 315, 172 A. 720.

The chancellor concluded, as a matter of law, that the sale by the Christners of a portion of their farm prevented specific performance, under the terms of the contract, on the part of the defendants, the Penn Real Estate Company and Joseph Siciliano; that the appellants were not entitled to the equitable relief prayed for by them, because of their failure to comply with their agreement to give a first mortgage to the defendant Sargent as security for his loan of $1,500; and that the defendant Sargent did all that was required of him, in that he made available to the appellants the sum of $1,500, which he gave to the defendant Siciliano to retain until the loan was secured by a first mortgage of appellants on their property, which security was not forthcoming on account of the failure of the appellants to release the lien of a prior judgment against it.

We are of the opinion, in the present case, that the appellants were in default by reason of their inability to pay the $1,500 on account of the purchase price of the Christner farm, due to the fact that they failed to give a first mortgage upon their Johnstown property, as provided in the agreement, and that this default rendered unnecessary a tender of a deed by the defendant Siciliano or the defendant Penn Real Estate Com-

pany. In this connection, the agreement provides: "And upon the payment of the said sum, the party of the first part will at his own proper cost, make, execute, and deliver to the parties of the second part [appellants], a good and sufficient deed for the proper conveying and issuing of the said premises in fee simple, free from all encumbrances and dower or right of dower."

It is plain that the $1,500, which the appellants were to raise for the purchase of the Christner farm, was to come from a first mortgage upon their Johnstown property. Their inability to give a first mortgage, in accordance with their agreement, and thus obtain the $1,500 to be paid, made it unnecessary for either defendant to make and tender a deed. Certainly, a defendant would not be bound to tender a deed to the appellants so long as this material act upon the part of the appellants remained unperformed. The appellants never complied, or offered to comply, with their part of the agreement, and therefore a formal tender of conveyance was unnecessary. "A party in default cannot demand performance by the other parties to a contract; that would be a needless and vain thing which the law does not require": Frechie et ux. v. Boyd, 100 Pa. Superior Ct. 553, 557. See Devling et al. v. Little, 26 Pa. 502, 508; Young v. Stone, 4 Watts & S. 45, 50. See, also, Eberz v. Heisler, 12 Pa. Superior Ct. 388; Durham v. Wick, 210 Pa. 128, 59 A. 824.

Appellants also contend that the costs should have followed the award, and that the division of costs by the chancellor was not in conformity with Equity Rule 84, which provides: "Ordinarily the costs should follow the decree, but in proper cases they may be directed to be paid, in whole or in part, by some other party to the cause, or out of a fund for distribution." Disposition of the costs in an equity proceeding is largely within the discretion of the court below, and its decree

will not be interfered with, in the absence of evidence of an abuse of discretion. Miller et al. v. Miller et al., 118 Pa. Superior Ct. 45, 179 A. 251; National Accident & Health Ins. Co. v. Workmen's Circle Lyceum Federation, Inc., et al., 289 Pa. 164, 137 A. 184; Miller v. Dilkes, 251 Pa. 44, 95 A. 935. We find no abuse of discretion by the court below in the disposition of the costs.

Appellants have no reason to complain of the application of the principles of equity in this case by the court below.

Assignments of error are overruled.

Decree is affirmed. Costs on this appeal are to be paid by the appellants.