Goodman *v.* Goodman, Appellant, et al.

Argued March 13, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ. Decree of court below modified, and, as so modified,

*Alphonso Santangelo,* with him *H. M. McCaughey,* for appellant.

*Robert H. Agnew,* for appellee.

OPINION BY RHODES, J., April 16, 1936:

Plaintiff brought a bill in equity against his divorced wife, Mary Lydia Goodman, and the Mutual Life Insurance Company of New York.

The bill set forth that the defendant insurance company issued on the life of the plaintiff two policies of life insurance; that the defendant Mary Lydia Goodman, without the authority or knowledge of the plaintiff, took the two said policies and had the same in her possession; that she refused to return them to the plaintiff, although frequently requested to do so.

The prayer of the bill is that the defendant Mary Lydia Goodman be directed and ordered to submit to the defendant insurance company the two said policies; that the defendant insurance company be directed to issue to the plaintiff policies in lieu of those now wrongfully held by the defendant Mary Lydia Goodman, so that plaintiff may effect a change of beneficiary.

The defendant Mary Lydia Goodman filed an answer in which she stated that she had refused to turn over the said policies to the plaintiff because she kept said policies alive after the first year; that she paid $835.50 for premiums and interest on policy loans; that she was named beneficiary in both of said policies; and that she was holding them as security for money advanced in payment of premiums and interest on policy loans.

The defendant insurance company filed an answer, averring that it was willing to make loans on said policies in accordance with the provisions thereof, and

that it was willing to record changes of beneficiary in accordance with the provisions thereof, upon presentation of the policies for either or both of said purposes.

The chancellor, after hearing, made, inter alia, the following findings of fact:

"3. That the defendant, Mary L. Goodman, took possession of the said policies of insurance before the divorce and still has possession thereof as security for the payment by her of certain of the premiums thereof.

"4. That the payment of $550, the amount of the premium of March, 1930, of the said policies by Mary L. Goodman was paid with money furnished to her for that purpose by the plaintiff, Harry H. Goodman.

"5. That the payment of $235 on the premium of April, 1933 [1932], of the said policies by Mary L. Goodman was, with the exception of $35, repaid to Mary L. Goodman by the plaintiff, Harry H. Goodman.

"6. That the payment of $50.52 on the premium of April, 1933, of the said policies by Mary L. Goodman has not been repaid by the plaintiff, Harry H. Goodman.

"7. That the plaintiff is indebted to the defendant, Mary L. Goodman, in the sum of $85.52 by reason of payment of premiums on the said policies of insurance."

The chancellor also filed conclusions of law, and entered a decree nisi, directing that the defendant Mary Lydia Goodman submit to the defendant insurance company the two said policies issued on the life of the plaintiff, upon the payment to her by the plaintiff of the sum of $85.52, with interest, and that the defendant Mary Lydia Goodman pay the costs of the proceeding. The defendant Mary Lydia Goodman filed exceptions to the adjudication, which were dismissed by the court below, and the decree nisi was entered as a final decree. The defendant Mary Lydia Goodman appealed.

The appellant has presented 6 assignments of error,

the first 3 of which are to the fourth, fifth, and seventh findings of fact by the chancellor.

If there is evidence to support the findings of fact by the chancellor, they have the force and effect of a jury's verdict and are conclusive, and will not be disturbed on appeal. Glenn v. Trees et al., 276 Pa. 165, 167, 120 A. 109, 111; Moore et ux. v. Doyle, 85 Pa. Superior Ct. 406, 410.

As to the fourth finding of fact, appellee testified that, although his wife, the appellant, paid $550.20 to the insurance company, by her personal check dated March 25, 1930, on account of premiums on the policies, this amount was paid by her out of money which he gave to her to pay their obligations and expenses. They were living together at the time of this payment. Appellee further testified that during 1930 he gave the appellant about $15,000 from his income, which was to be used to pay their expenses. The appellant denied that she received this amount during the year 1930, but testified that she carried all the finances and paid all of appellee's debts, so that his funds could not be attached.

As to the fifth finding of fact, appellee admitted that the appellant paid $235.04, in 1932, on account of the premiums on the insurance policies, but stated that he returned $200 of this payment to her. They were separated at the time of this payment. He introduced in evidence a letter from the appellant, written on August 25, 1932, in which she stated: "You have been very kind in sending your children to camp and returning $200 of the $235 that I spent on your insurance." Notwithstanding the denials by the appellant, there was clearly sufficient evidence to support the chancellor's fourth and fifth findings of fact, and they will not be disturbed. It is undisputed that the appellant paid $50.52 interest on policy loans (sixth finding of fact). The seventh finding of fact is merely the

total found to be due from the appellee to the appellant, as set forth in the fifth and sixth findings of fact.

The appellant's fourth assignment of error, which relates to the imposition of the costs of the proceedings upon the appellant, must be sustained. Although the disposition of costs in an equity proceeding is a matter largely within the discretion of the court below (Miller et al. v. Miller et al., 118 Pa. Superior Ct. 45, 179 A. 251; National Accident & Health Ins. Co. v. Workmen's Circle Lyceum Federation, Inc., et al., 289 Pa. 164, 137 A. 184), we are of the opinion that the imposition of all the costs upon the appellant was inequitable. Although the appellant was directed to surrender the policies in question, the return of the same was conditioned upon the appellee's paying to the appellant the amount which the chancellor found as the amount due her for payments made on account of premium and interest on policy loans. Under the facts presented, an equitable disposition of the costs requires that they be divided equally between the appellant and the appellee, and, with this, counsel agreed at the argument of the appeal before this court.

The assignments of error relating to the decree nisi and to the final decree, except in so far as the final decree imposes all costs upon the appellant, are overruled.

The decree of the court below is modified to the extent that the costs of the proceedings be equally divided between the appellant and the appellee, and, as so modified, it is affirmed.

The costs on this appeal are to be paid equally by the appellant and the appellee.