Penn Discount Corporation *v.* Sharp et al.,
Appellants.

Argued November 12, 1936. 

Before KELLER, P. J., CUNNINGHAM,
BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel Kagle,* with him *Harry A. Mackey,* for appellants.

*Benjamin Sork* of *Blumberg & Sork,* for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

This action in assumpsit was brought by the plaintiff, Penn Discount Corporation, against the three defendants, Sharp, Ottenberg and Walton. The plaintiff had a judgment in the amount of $1,493 against John J. Kerns and David L. Wagner. The defendant, Walton, also had a judgment against Kerns and Wagner, which was junior to the plaintiff's judgment. An execution was issued on plaintiff's judgment and levy made upon the goods of Kerns and Wagner which were advertised to be sold.

Plaintiff's statement averred that the defendants, believing that the sale would not bring enough to pay the prior lien, costs, wage claims and rent, negotiated with the plaintiff, by its President and duly authorized agent, Benjamin D. Eisenberg, to purchase the judgment of plaintiff corporation for $700. As a result, the plaintiff by its said agent, and the defendants, by their duly authorized agent and attorney, Bernard J. M. Phillips, entered into a written agreement under which it was agreed to assign plaintiff's judgment to the said B. J. M. Phillips, as attorney for defendants, for $700. The agreement is in the form following: "I agree to assign my judgment of $1493 to B. J. M. Phillips, as atty., for $700 and any excess shall belong to said B. J. M. Phillips as att'y. whether from Fund of sale or any other manner. (signed) B. D. E. as att'y. I on behalf of my clients will see B. D. E. is paid $700.00 for his claim of $1493.00, whether the sale brings enough or

not, he is to get $700.00 from my clients. (signed) Bernard J. Phillips Atty. for Walton, etc."

The Sheriff's Sale was held but it did not bring enough to pay anything over the cost of the sale and priority claims. Defendants refused to pay the plaintiff the said sum of $700.00 or any part thereof, and plaintiff would not assign until paid. Thereafter, this suit followed. The case came up for hearing before TUMOLILLO, J., without a jury.

On behalf of plaintiff, Eisenberg testified that on the day of the sale he had a conversation with Bernard J. M. Phillips, Esq., a member of the Philadelphia Bar, in the presence of all the defendants. Phillips alleged that he represented all of the defendants and agreed to purchase the judgment for $700.00. Eisenberg testified that the agreement was approved at the time verbally by each of the defendants. The defendants denied the conversation detailed in Eisenberg's testimony, and denied authorizing Phillips to act for them in purchasing the judgment.

We quote from the testimony of Mr. Eisenberg: "A. Mr. Phillips introduced me to the three men, and I introduced Mr. Phillips to Mr. Brooks of our office. The six of us were there, and Mr. Phillips explained the situation to us in reference to a sale that was going to take place shortly on a judgment of the Penn Discount Corporation. (objected to). Q. Who were present? A. Mr. Ottenberg, Mr. Sharp, and Mr. Walton. Q. What did either or any of these men say? A. Mr. Phillips—Q. Were you there present? A. Yes, sir. Mr. Price: I object to anything anyone said until it is established that Mr. Phillips was the authorized agent of these three defendants. (Objection overruled). (Exception for defendants). The Witness: (continuing) We were all in a huddle in the back room. Mr. Phillips said, 'Here is Mr. Eisenberg. I entered into

an agreement with him in accordance with your instructions to me the night before.' By the Court: Q. Said it to whom? A. Mr. Phillips said to me, 'Here is Mr. Eisenberg.' He said he has the right to assign this judgment to us; the price was $700 as explained to you the night before. Mr. Phillips told me that he had met these men the night before—(objected to). Q. What, if anything, did either of these two men say? A. They said, 'All right.' I said, 'I am not going to take these men's word. I want some written instrument. I know Mr. Phillips for a good many years. I am sure that everything is all right.' So he talked to these three men. He said, 'Is it O. K. for you to enter into this agreement?' He said, 'Remember you know what you are doing. You are to pay $700 for this judgment. You have to pay the $700 after I leave here.' So they said O. K., and someone took an envelope out of someone's pocket. By Mr. Price: Q. Who said O. K.? A. Mr. Ottenberg, Mr. Walton and Mr. Sharp, each of them, because Mr. Phillips— Q. Did they say it together or separately? A. Individually, because Mr. Phillips asked each one of them. He said, 'Is it O. K. with you?' He said, 'Yes,' 'Is it O. K. with you?' And Mr. Walton said, 'Yes.' He asked Mr. Ottenberg the same question. He said, 'Yes.' He asked each one individually whether it was all right. They understood what the transaction was, and they said yes."

The court gave credence to Eisenberg's testimony which established the authority of Phillips to act for all the defendants. The trial judge in an opinion filed found for plaintiff against all three defendants. This finding, if supported by competent legal testimony, has the force and effect of a verdict of a jury. From the judgment entered, the three defendants appealed.

The assignments of error relate to the entry of a judgment, rulings upon the admission of evidence and answers to points.

Appellant contends that the judgment entered was in violation of the Statute of Frauds, because there is no writing signed by them or by their agent in that behalf. The body of the paper states that Mr. Phillips is acting "on behalf of my clients" and the testimony of Eisenberg evidenced the authority.

In *Lancaster v. Knickerbocker Ice Co.*, 153 Pa. 427, 26 A. 251, the court permitted the undisclosed principal to maintain an action where there was a contract made by an agent in his own name. The husband as the undisclosed agent of the wife, executed a bill of sale in his own name. The court permitted the wife to sue in her own name against the vendee and permitted a recovery.

In *McGowan v. Lustig-Burgerhoff*, 93 Pa. Superior Ct. 227, a contract for the purchase of tomatoes was signed "Stanley Brokerage Co., J. J. Stanley." The court submitted the case to the jury on a suit against the said Lustig-Burgerhoff where the defense was that the contract had been signed only by "Stanley Brokerage Co. J. J. Stanley." The court permitted testimony to be given as to the proof of the agent's authority. The court said, p. 229: "There was oral evidence, sufficient, if believed by the jury, to support a finding that an authorized officer of defendant corporation instructed Stanley at Pittsburgh to purchase for defendant a car of tomatoes then in Pittsburgh on specified terms, etc. ...... While defendant offered evidence denying the position taken in the plaintiff's case, it was the duty of the jury to whom the evidence should have been submitted, to find the fact. ...... (230) Though not signed by the defendant the 'party to be charged,' the evidence would support a finding that it is signed by defendant's 'agent in that behalf.' It is true that the authority of the agent to sign for the defendant was not in writing. While the Act of March 21, 1772, 1 Sm. L. 389, relating to sale, etc. of land re-

quires the authority of the agent in writing, section 4 of the Sales Act does not expressly require it in the sale of goods. We are of opinion that although the decisions in other states are not in accord on the subject, written authority in the agent is not essential: this conclusion was assumed without discussion in *Rasche v. Campbell*, 276 Pa. 268, at 271, and in *Hill v. Marcus* et al., 81 Pa. Superior Ct. 314; see generally 25 R. C. L. Sec. 324, p. 685; 27 C. J. Sec. 372, p. 295; *Bay State Milling Co. v. Saginaw Baking Co.*, 225 Mich. 557; *Dusenberry, Inc. v. Import Drug Co.*, 253 Mass. 368." See also *Brink v. Shaffer*, 306 Pa. 386, 159 A. 719.

In 22 C. J. 1234, we find it stated: "It has also been held that in order to charge the real principal it is always competent, in whatever form a contract is executed by an agent, to ascertain by evidence dehors the instrument who is the principal, and whether it purports to be the contract of an agent or is made in the name of the agent as principal."

Likewise in 27 C. J. p. 298, par. 379: "The requirements of the statute of frauds as to signing are satisfied where a duly authorized agent signs in his own name, even though the instrument does not disclose the existence or name of the principal," citing numerous authorities.

Appellants further contend that there never has been an actual assignment of the judgment in question. Plaintiff company's president testified that plaintiff is ready and willing to assign this judgment anytime they were paid the money. In *Melown v. Penn Real Estate Co.*, 121 Pa. Superior Ct. 209, 183 A. 669, we said, at p. 215: "Certainly, a defendant would not be bound to tender a deed to the appellants so long as this material act upon the part of the appellants remained unperformed. The appellants never complied, or offered to comply, with their part of the agreement, and therefore a formal tender of conveyance was unnecessary.

'A party in default cannot demand performance by the other parties to a contract; that would be a needless and vain thing which the law does not require.' *Frechie et ux. v. Boyd,* 100 Pa. Superior Ct. 553, 557. See *Devling et al. v. Little,* 26 Pa. 502, 508; *Young v. Stone,* 4 Watts & S. 45, 50. See also, *Eberz v. Heisler,* 12 Pa. Superior Ct. 388; *Durham v. Wick,* 210 Pa. 128, 59 A. 824."

Appellant further contends that there was no evidence of the plaintiff's damage. Defendants agreed to pay a fixed sum for the assignment of the judgment. Plaintiff company has always been and is ready to assign upon payment of the consideration agreed to be paid. In *Henderson v. Jennings,* 228 Pa. 188, 77 A. 453, where a similar situation arose, it was held that if there is a breach, the measure of damages is the stipulated contract price and not the excess of the contract price over the market value at the time the actual delivery was to be made.

As the case was tried by the judge without a jury, defendants were not injured by the rulings on the admission of evidence, in view of the basis on which recovery was permitted.

The assignments' of error are overruled and judgment affirmed.