## Wiegand v. Wiegand

*Cletus M. Lyman,* for plaintiff.
*Louis G. Feldmann,* for defendant.

PINOLA, J., January 19, 1950.—In this proceeding plaintiff has filed a preliminary objection to the new matter set forth in defendant's answer.

In the bill of complaint plaintiff seeks to compel his divorced wife to deliver up to him a policy of insurance. She refuses to do so unless and until plaintiff pays her a total of $387.14, representing premiums paid by her from her separate estate on the policy and plaintiff complies with the order of the domestic relations court that he pay $25 per month to her for the support of their child, Elizabeth Anne Wiegand. Plaintiff objects to this new matter on the ground that it has no direct relation to the cause of action set forth in the bill.

*Discussion*

Plaintiff avers that he took out a policy with the New York Life Insurance Company in the sum of $2,000 (copy of which is attached to the bill), on December 8, 1923, and that after marrying defendant on May 2, 1931, he named her beneficiary in place of another; that they have not cohabited together since December 6, 1947; that their marriage was terminated by divorce on July 9, 1948, and that she has refused to deliver the policy upon request.

In her answer she set forth a list of premiums paid by her, beginning January 2, 1946, and ending July 1949, totaling $387.14, and she avers that plaintiff agreed to reimburse her for all of these payments. She also avers that on September 16, 1948, by order of the domestic relations court of our county, plaintiff was directed to pay the wife $25 per month for the support of their child, Elizabeth Anne Wiegand, but to date he has not complied with the order.

Defendant, seeking affirmative relief, asks: (a) That plaintiff be directed to pay the total of the premiums to her, and (b) that the policy be held as security for compliance by plaintiff with the support order.

Equity Rule 52, relating to "Answer", provides, inter alia:

"After fully answering the allegations of the bill, defendant may under the specific heading 'New Matter', aver such additional facts, having a direct relation to any of the causes of action set forth in the bill, as he believes will entitle him to affirmative relief against plaintiff. . . ."

Equity Rule 55 gives plaintiff the same right to object to defendant's answer as rule 48 gives defendant to object to the bill, and for the same reasons.

We are satisfied that the support of the child by the father under the court order has no direct relation to the cause of action set forth in the bill, and therefore defendant is not entitled to ask for any affirmative relief in connection therewith in this proceeding.

There is no doubt that "once equity jurisdiction is assumed, all matters connected with the subject-matter of the suit may and should be decided" (Commonwealth v. Smith et al., 344 Pa. 381), but the support of their child is in no way connected with the subject matter of the suit between plaintiff and defendant, which happens to be a policy of life insurance. Therefore, we are required to sustain the objection on this ground.

In connection with the payment of premiums and the relief sought, we must and do reach an opposite conclusion. Many cases support the proposition that "where a person, not being the owner of a policy of life insurance, nor bound to pay the premium . . . pays the premiums thereon and thus keeps it alive for the benefit of a third party, he may thereby acquire an

equitable lien on the proceeds of the policy as security for the repayment of his advances": 4 Pom. Eq. Jur. (5th ed.) §1243.

If it be correct, then certainly a lien arises where, as in this case, the owner of the policy has expressly agreed to repay the premiums advanced. And if under such circumstances the payer would have a lien on the proceeds of the policy, he would be entitled to a lien on the policy itself.

Without stating the reasons, the court reached this result in Goodman v. Goodman, 122 Pa. Superior Ct. 8, which is, for all practical purposes, on all fours with the case before us. There plaintiff brought a bill against his divorced wife to recover two policies of insurance. She refused to return them to him unless he repaid her $835.50, the amount paid for premiums and interest on a policy loan. The chancellor found that some of the payments had been made with money furnished by the husband, some had been repaid, and that only $85.52 had not been repaid. The court directed the return of the policies upon payment by plaintiff of $85.52, with interest.

Following that decision, we overrule the preliminary objection insofar as it relates to the right of defendant to hold the policy as security for the repayment of premiums.

Accordingly, we enter the following

### Order

Now, January 19, 1950, the preliminary objection to the new matter in the answer is overruled insofar as it relates to the retention of the policy until repayment of premiums, it is sustained insofar as it relates to the retention of the policy as security for the compliance with the court order for support, and plaintiff is allowed 20 days within which to file a reply to that portion of the new matter properly in the answer.