## BOLAND *v.* NORTHWESTERN FUEL CO.

*(Circuit Court, D. Minnesota. May, 1888.)*

1. DAMAGES—BREACH OF CONTRACT OF AFFREIGHTMENT.
    Where plaintiff had a contract to transport a quantity of coal by water for defendant at an agreed price, the coal to be delivered to him by defendant at a designated point, and defendant failed to deliver it, plaintiff's measure of damages was the difference between the cost of transportation and the contract price.

2. SAME—EVIDENCE—RECOUPMENT.
    An offer of evidence by defendant, not for the purpose of showing freight earned by plaintiff in order to recoup, but to show what plaintiff's boat "was said to have earned," was properly rejected.

3. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—PAROL EVIDENCE.
    The right to show by parol evidence that a defendant was an undisclosed principal in a contract made by a third person is not doubtful.

At Law. Motion for new trial.

*Lawler & Durment*, for plaintiff.
*C. D. O'Brien*, for defendant.

NELSON, J.   The evidence shows that the steamer Minnie Hermann, Thomas Boland, owner, entered into a contract with H. Y. Smith to receive from the railroad companies at Running Water, Pierre, or Bismark, on the Missouri river, and transport and deliver to the agent of Smith on the steam-boat landing of the several posts, coal to be delivered to the government under Smith's contracts,—125 tons, more or less, Fort Randall; 300 tons, more or less, Fort Bennett; 800 tons, more or less, Fort Yates.   Smith agreed to pay $4.20 per ton of 2,000 pounds for transporting coal to Forts Yates and Bennett, and $4.30 per ton of 2,000 pounds for transporting coal to Fort Randall, and that the plaintiff with his boat went to Running Water.   On his arrival at Sioux City, he notified Smith about the day that he would be at Running Water, and wanted the coal ready.   Smith answered that the coal had been forwarded.   On plaintiff's arrival at Running Water he made a demand for coal of the agent of the railroad company, and was told that he had strict orders not to deliver any coal to him.   He also again telegraphed Smith from Running Water, and received answer that the "coal has been delivered.   You were notified at Alton that it would be."   He also proceeded to St. Paul, and demanded coal from Smith, who refused, saying that it was delivered to other parties.

There was evidence on the part of plaintiff tending to show that the defendant was an undisclosed principal to the contract with the plaintiff.   All the direct evidence of the witnesses who testified in reference to the matter, with the exception of the president of the defendant company, tended to prove that the defendant was a party to the contract, whose name was not disclosed; and so did the circumstantial evidence.   Coal was shipped by the defendant under the Smith contract, so-called, from Duluth to Bismarck, or river landing, for Fort Yates; and coal was also shipped from Milwaukee to Running Water for Fort Randall.   The defendant offered no evidence.   The jury was instructed in substance that if the plaintiff had proved that the defendant was an undisclosed principal, and that it was interested as an undisclosed principal in the contract signed by Smith, he could recover if a breach of the contract was also proved.   Also that the measure of damages was the loss under the contract for its non-fulfillment on the part of the defendant, to-wit, the difference between the cost of transportation and the price under the contract.   Also, the jury was instructed that the plaintiff could only recover for loss of the transportation of coal which he proved had been delivered at either one or the other places mentioned in the contract for shipment to the forts.   There was evidence tending to show the cost of transportation, and the number of pounds or tons of coal delivered at Bismarck, or river landing, and Running Water, for Forts Yates and Randall.   The jury gave the plaintiff a verdict.   The instruction in reference to the measure of damages is correct.   If the coal at Bismarck, or river landing, and Running Water, had been turned over to plaintiff, and transported by him to Forts Yates

and Randall, his gain would have been the difference between the contract price of carriage and the cost of transportation. What the plaintiff would have made if the contract had been kept by the defendant is the measure of damages if the contract is broken. This was the rule given to govern the jury. The offer of evidence by defendant which was rejected was not for the purpose of showing freight earned by plaintiff in order to recoup, but what the boat was "said to have earned;" and it was properly excluded. This is not a charter-party, but a contract of affreightment, and the measure of damages for a breach is to be determined by the rules applicable to such contracts. The right to show by parol evidence that the defendant was an undisclosed principal is not doubtful. *Ford* v. *Williams*, 21 How. 287.

Motion for a new trial is denied.