## Brink *v.* Shaffer et al., Appellants.

Argued February 1, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Oliver W. Frey,* with him *Henninger & Snyder,* for appellants.

*Buts & Rupp,* for appellee, were not heard.

PER CURIAM, March 14, 1932:

Plaintiff sued to recover $5,000 he paid as hand money to one Jacob Salt on a written agreement to sell silk manufacturing machinery and equipment located in a mill at Freeland, Luzerne County, which had passed into the hands of receivers. The machinery purchased by plaintiff was not delivered nor the money paid returned to plaintiff. The latter, alleging Salt was a straw man, or agent, acting for defendants in the sale of the machinery, sued them to recover back his advance payment. Defendants denied liability and averred they sold the machinery to Salt outright, pointing to an agreement of sale between them and Salt. The jury found in favor of plaintiff in the sum of $5,427.50. Defendants appeal from the refusal of the court below to grant a new trial, their contention being that plaintiff's parol testimony was not sufficient to outweigh the written documents in the case, consisting of the two agreements of sale above referred to—between plaintiff and Salt and between

Salt and Shaffer & Max—and a third agreement which was only collaterally involved and need not be considered here.

The situation before us is not one of construction or enforcement of the writings put in evidence, but of the true relation of the parties to the suit, as to which the writings were indirect evidence, to be weighed by the jury together with the oral testimony pertaining to the issue: Miller v. Fichthorn, 31 Pa. 252, 256.

The whole matter was laid before the jury in a careful charge by the trial judge, to which no objection was made or exception taken, and on reading the record we find ample evidence to sustain the verdict indicating the jury's belief that Jacob Salt, selling the machinery to plaintiff, in fact acted for defendants, to whom the $5,000 down payment had been turned over as and when made. Moreover, the trial judge, who heard and saw the witnesses, states defendants' testimony "bore no conviction"; that their witnesses were hesitating, evasive and equivocal. We see no reason to disagree with the conclusion of the court below that "justice was done by the verdict" and it ought not to be disturbed.

The order refusing a new trial is affirmed.