## WILLIAMS v. PITTSBURGH TERMINAL COAL CORPORATION.

### No. 4954.

Circuit Court of Appeals, Third Circuit.

Jan. 6, 1933.

Rehearing Denied Feb. 14, 1933.

Harvey A. Miller, of Pittsburgh, Pa., Grover C. Ladner, of Philadelphia, Pa., Edmund Lee Jones, of Washington, D. C., and Miller & Nesbitt, of Pittsburgh, Pa., for appellant.

Sidney J. Watts and Baker & Watts, all of Pittsburgh, Pa., and H. H. Hoppe and Taplin & Fillius, all of Cleveland, Ohio, for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This was a suit to recover $96,488.20 which the appellant, S. A. Williams, of West Virginia, alleges to be due him on a contract which he entered into on October 14, 1924, wherein B. F. Hoffacker, agent for an undisclosed principal, agreed to purchase for a certain price from Williams coal lands and options to purchase coal lands to the amount of 2,606.23 acres. Williams conveyed 1,942 acres of the property to Hoffacker, and received the purchase price therefor. He tendered a conveyance of the balance of the land and options, but Hoffacker refused to accept and pay for them.

Thereafter, in his effort to secure the balance of the purchase price, suits were brought by Williams. One was against Hoffacker and C. E. Tuttle, president of the defendant, Pittsburgh Terminal Coal Corporation, brought in the circuit court of Ohio county, W. Va., for the balance of the purchase price. A voluntary nonsuit was taken in this case. The second suit was brought against Hoffacker alone in the same county, and a verdict was rendered against him for $25,000, on which nothing was ever realized. Then Hoffacker brought suit against the Pittsburgh Terminal Coal Corporation in the court of common pleas of Allegheny county, Pa.

In the course of these three suits, such facts were disclosed as established to the satisfaction of Williams that the Pittsburgh Terminal Coal Corporation was Hoffacker's undisclosed principal. Accordingly Williams brought suit against it for the balance of the purchase price of the 2,606.23 acres of coal lands and options under the contract between him and Hoffacker. The learned trial judge directed a verdict for the defendant and against the plaintiff on the grounds that he had failed to establish that Hoffacker was the agent of the defendant by any evidence sufficient for the consideration of the jury, and, further, that in any event the plaintiff's claim was barred by the statute of limitations. From the judgment entered on the verdict the plaintiff appealed.

There were other questions before the District Court, but they are not material here.

Evidently Hoffacker was the agent of some undisclosed principal, for the contract between him and the plaintiff definitely describes him as agent wherever and whenever his name is mentioned, and the conveyance was to be made to him or to his "nominee or nominees." The contract was to bind, not only Hoffacker, but also his "nominee or nominees."

The real question is as to who the principal was. The contract was executed in the presence of C. E. Tuttle, president of the defendant corporation. At the time the contract was signed, October 11, 1924, but dated October 14, 1924, $25,000 was paid to Williams by Hoffacker. It has now been es-

tablished that this $25,000 came from the defendant corporation at the direction of Tuttle. The receipt given by Hoffacker for the money describes him as the "agent for C. E. Tuttle or his assigns," and was to be used by "Hoffacker, Agent," for the purchase of certain coal lands, amounting to 2,606.23 acres. It has also now been established that the 1,942 acres of land which Williams conveyed to Hoffacker was by him immediately thereafter conveyed to the defendant.

The Ohio County Coal Company is a subsidiary of the defendant corporation, and their directors are substantially the same persons. In the judgment lien creditor's suit brought by Williams in the circuit court of Ohio county, W. Va., the Ohio County Coal Company in its answer filed in that case alleged: " * * * Second, because, as this respondent is informed, advised and believes, and upon information and belief charges the fact to be, at no time was the said Hoffacker the owner of said tracts, or of any of them, or of any interest therein, but, on the contrary, took and held title thereto under said deeds of conveyance, copies whereof are filed with said Bill of Complaint as Exhibits 'E' to 'O' thereof, respectively, merely as a trustee for the defendant Pittsburgh Terminal Coal Corporation by virtue of a trust resulting from an oral agreement and arrangement between the said Hoffacker and the said Pittsburgh Terminal Coal Corporation whereby it was orally arranged and agreed, prior to the execution of the said respective deeds, that the said Hoffacker should accept and take deeds from the respective owners of the said respective tracts described in said deeds, conveying said respective tracts to him, but that the full consideration for said conveyances would be assumed and paid by the said Pittsburgh Terminal Coal Corporation, and that the said Hoffacker, when he had taken title under such conveyances, would promptly convey said respective tracts by apt deeds of conveyance to the said Pittsburgh Terminal Coal Corporation."

█ The evidence bearing upon Hoffacker's agency was, in our opinion, such as should have been submitted to the jury and weighed by it in its effort to determine the relation of the parties. The learned trial judge fell into error in refusing to submit it to the jury for its determination. Miller v. Fichthorn, 31 Pa. 252, 256; Hall v. White, 123 Pa. 95, 16 A. 521; Brink v. Shaffer et al., 306 Pa. 386, 159 A. 719; Boland v. Northwestern Fuel Co. (C. C.) 34 F. 523, 526. If the jury had found from the evidence that the defendant

was the undisclosed principal of Hoffacker, as it might have done, then the question of liability would have to be determined. 2 C. J. § 522, p. 840; 2 Mechem, Agency, § 1731, p. 1313.

The second question is whether or not the cause of action was barred by the statute of limitations.

█ If it was, decision for the plaintiff on the other question is of no avail to him. The contract was dated October 14, 1924. On July 6, 1925, Williams went to Pittsburgh, and offered a deed and coal options to Hoffacker for the balance of the 2,606.23 acres not previously conveyed to him, just as had been done in the conveyance of the 1,942 acres, but he refused to accept, and stated that he would not pay for any more coal properties. The contract was thus broken, and the cause of action then accrued and the statute began to run from that date, if there was nothing in the case that tolled it. The action would have been barred in six years, or on July 6, 1931. This suit was not begun until December 31, 1931, or six years and six months after the cause of action accrued.

█ But the statute does not begin to run where the facts are suppressed and deliberately concealed from the plaintiff. Such conduct tolls the statute, and in that case it does not begin to run until the plaintiff has knowledge of the facts constituting the cause of action or by reasonable diligence should have had such knowledge. Bailey v. Glover, 21 Wall. (88 U. S.) 342, 22 L. Ed. 636; McDowell et ux. v. Potter, 8 Pa. 189, 49 Am. Dec. 503; Hall v. Pennsylvania Railroad Co., 257 Pa. 54, 100 A. 1035, L. R. A. 1917F, 414; Linn & Lane Timber Co. et al. v. United States (C. C. A.) 196 F. 593.

█ In the case at bar, it was shown that the eight deeds by which Hoffacker conveyed the 1,942 acres of land to the defendant were executed in December, 1924, and January, 1925, but were not recorded until April 13, 1928, just before the plaintiff was to enter judgment against Hoffacker. Until then the land, so far as the record went, stood in his name. The defendant offered no explanation of why it did not record the deeds as is customarily done and as is necessary in order to prevent fraud. On the evidence as it stands in this case, the conclusion seems inevitable that the defendant did not record them in order to conceal the fact that Hoffacker had immediately conveyed the land to it after securing title from Williams. The evidence clearly

shows that Williams did not know that the land had been conveyed to the defendant before April 13, 1928. He had been diligent in trying to establish and collect his claim, and it has not been shown that by reasonable diligence he could have ascertained the facts before he did. The statute, therefore, did not on the evidence before us begin to run before the deeds were recorded on April 13, 1928. The suit was instituted within the statutory period thereafter.

The judgment is reversed, and a new trial granted.