## PITTSBURGH TERMINAL COAL CORPORATION v. WILLIAMS.

### No. 5240.

Circuit Court of Appeals, Third Circuit.

March 20, 1934.

Rehearing Granted May 1, 1934.

Sidney J. Watts, of Pittsburgh, Pa., for appellant.

Grover C. Ladner, of Philadelphia, Pa., and Harvey A. Miller and Miller & Nesbitt, all of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This case was here before on an appeal by Williams from a judgment entered on a directed verdict [62 F.(2d) 924]. The question before us then was whether or not the trial judge had erred in directing a verdict for the defendant on the ground that the plaintiff, Williams, had failed to establish, by evidence sufficient for the consideration of the jury, that one B. F. Hoffacker, who had entered into a contract with Williams to purchase certain coal lands and options to the amount of 2,606.23 acres, was the agent of defendant, and on the further ground that in any event the claim of the plaintiff was barred by the statute of limitations. We held that both questions should have been submitted to the jury and reversed the judgment.

On the new trial which we awarded, the learned trial judge, under proper instructions, submitted four questions to the jury as follows:

(a) Was the appellant, the Pittsburgh Terminal Coal Corporation, Hoffacker's undisclosed principal?

(b) Was the appellee's claim barred by the statute of limitations?

(c) Did the appellant, the Pittsburgh Terminal Coal Corporation, breach the contract of October 11, 1924?

(d) If the above three questions were answered in favor of the appellee, what were the damages resulting from the breach of contract?

The jury answered these questions in favor of the plaintiff; the first and third questions in the affirmative, the second in the negative, and then passed to the fourth and determined the damages resulting from the breach.

At the first trial, the evidence was sufficient to sustain a verdict for the plaintiff if the jury had found for him. At the second trial it was more fully developed and is stronger than it was on the first, and therefore it is sufficient to sustain the verdict on which the judgment appealed from was entered.

In our former opinion, in addition to the two questions which we thought should have been submitted to the jury, we said [62 F.(2d) 924]: "There were other questions before the District Court, but they are not material here." These "other questions," which defendant presses, are three in number:

(1) The contract being under seal, the alleged agent is the only person that can be sued thereon.

(2) The plaintiff, by electing to proceed to judgment against Hoffacker, abandoned his right, if any, against the defendant.

(3) Plaintiff failed to prove performance sufficient to put defendant in default.

As to these three questions, the court, on the first trial, said: "Having found that the first and second reasons presented by defendant (the plaintiff had not established by evidence sufficient to go to the jury that Hoffacker was agent of defendant and that the statute of limitations barred plaintiff's claim) were sufficient to sustain the affirmance of defendant's point for binding instructions, it is not necessary to discuss the remaining three reasons."

We did not discuss these questions before because they had not been passed upon by the learned trial judge and we could not convict him of errors which he had not committed. However, since the defendant relied upon them, in part at least, on the former trial, and relies upon them here, and since they have been discussed in the argument before us, it is our duty to examine them now, for the reason that, if they constitute a defense, the appellant is entitled to a new trial, but, if they are without merit and are immaterial, they do not affect our conclusions on the other points.

The fact that the contract was under seal had no effect in West Virginia where the contract was signed and where the lands in question lie. The statute of West Virginia provides that: "The affixing of what has been known as a private seal, or scroll in lieu thereof, or the word 'seal' by any natural person hereafter to any deed, trust deed, mortgage, lease, bond, or other writing, conveying, selling or agreeing to sell, leasing, renting or encumbering any real estate, shall not give thereto any additional force or effect; and the omission of any such seal, word or scroll, shall in no way detract from the legal effect of any such deed." Acts of West Virginia, 1920, c. 71, § 2, p. 187.

Chapter 36, art. 1, § 3, of the West Virginia Code (Annotated Code of 1932), provides: "No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent."

In the case of Donahue v. Rafferty, 82

W. Va. 535, 96 S. E. 935, it was held that: "Where one of the parties to a contract is acting by an agent and the memorandum is signed by the agent as a party, without disclosing his principal, there is a sufficient designation of the parties, and the principal may sue and be sued upon the contract."

The statute of West Virginia, which in effect abolished distinctions between contracts under seal and those not under seal, controls. Bausch & Lomb Optical Co. v. Wahlgren (D. C.) 1 F. Supp. 799.

In Pennsylvania, the forum of this suit, the same rule prevails as in West Virginia. "Where a simple contract other than a bill or note is made by an agent in his own name, his undisclosed principal may maintain an action or be sued upon it; and an unauthorized and unnecessary addition of a seal to such a contract may be treated as surplusage." Lancaster v. Knickerbocker Ice Company, 153 Pa. 427, 26 A. 251.

Consequently, whether the contract in this case was or was not under seal is immaterial.

The plaintiff sued Hoffacker, defendant's agent, and secured judgment against him. Did this fact, as defendant contends, bar him from proceeding against the defendant itself in this case? When the case was here before, we held that the plaintiff did not know until April 13, 1928, that the defendant was Hoffacker's principal and that he could not by reasonable diligence have discovered that fact before that time.

Election to sue Hoffacker which defendant says bars subsequent suits against it involved a choice, and choice presupposes knowledge of the alternatives and freedom and ability to choose between them. A plaintiff cannot choose between principal and agent if he does not know who is the principal. Hoffacker was described as the agent in the contract, but the name and identity of the principal was not known to the plaintiff until long after suit had been brought against Hoffacker. Therefore the doctrine of election is inapplicable here, and plaintiff is not on that account barred from proceeding against the defendant. Section 1752, vol. 2, Mechem on Agency; Greenburg v. Palmieri, 71 N. J. Law, 83, 58 A. 297; Beymer v. Bonsall, 79 Pa. 298.

Did plaintiff fail to prove performance sufficient to put defendant in default?

The plaintiff said: "I went to Mr. Hoffacker's office the morning of July 6, 1925; accompanying me was Edmund L. Jones, a lawyer of Wheeling. We met Mr. Hoffacker there and told Mr. Hoffacker we had the rest of the options that were covered by the contract of October 11, 1924, and Mr. Hoffacker refused to accept the options."

The plaintiff testified that he and Mr. Jones, his attorney, who passed upon the coal options, agreements, and deeds and put them in deliverable condition under the contract, then went to the office of Horace F. Baker, Esq., who either then was, or afterward became, the counsel, director, and president of the defendant company, and that Mr. Baker said that "he would take no more coal and pay for no more options."

In charging the jury on the question of performance, the learned trial judge said: "If the defendant, through Hoffacker and Baker, refused, without any qualification whatever, to take any more coal, to take any more of the options, on July 6, 1925, then the defendant did breach the contract; but, on the other hand, if they only refused to pay more money, and claimed that the payment should be made by the conveyance of the Paragon-Elkhorn property, then it did not breach the contract. So it is for you to determine whom you will believe."

So this question was discussed in the charge and properly submitted to the jury, and its verdict settles the fact of performance on the part of the plaintiff.

We have considered the questions of admission and rejection of evidence argued by defendant, but do not think that they contain anything that justifies a reversal of the judgment.

Defendant says that in any event plaintiff is limited to the amount of the judgment secured against Hoffacker. If a person not a party to the record nor in privity with a party to it desires to avail himself of the judgment as an estoppel on the ground that he in fact defended the action, he must not only have defended it, but must have done so openly to the knowledge of the opposite party and for the defense of his own interests. Defendant did not do so, but, on the contrary, concealed its identity as principal. Plaintiff is, therefore, not bound by the amount of his judgment against Hoffacker, nor was he estopped from suing the defendant. Lacroix v. Lyons (C. C.) 33 F. 437; Cramer v. Singer Manufacturing Company (C. C. A.) 93 F. 636; Jefferson Electric Light, Heat & Power Co. v. Westinghouse Electric & Manufacturing Company (C. C. A.) 139 F. 385; Stromberg Motor Devices Co. v. Zenith Carburetor Co. (D. C.) 220 F. 154; Elliott Co. v. Roto Co. (C.

C. A.) 242 F. 941; Steinfur Patents Corporation v. J. Meyerson, Inc. (D. C.) 56 F.(2d) 373, 383.

We do not find that the learned trial judge committed any prejudicial error or that anything appears in the case justifying a reversal of the judgment. It is therefore affirmed.