## EATON et al. v. PITTSBURGH TERMINAL COAL CORPORATION et al.

### No. 6027.

Circuit Court of Appeals, Third Circuit.

May 28, 1936.

Alter, Wright & Barron, of Pittsburgh, Pa., and James C. Weir and Bulkley, Hauxhurst, Inglis & Sharp, all of Cleveland, Ohio, for appellants.

Sidney J. Watts. and Baker & Watts, all of Pittsburgh, Pa., for appellee Pittsburgh Terminal Coal Corporation.

Harvey A. Miller and Miller & Nesbitt, all of Pittsburgh, Pa., for appellee Bennett.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal from the District Court dismissing the appellants' bill in equity.

It appears that S. A. Williams became indebted to Otis & Co. on two promissory notes. Williams had entered into a contract with Hoffacker, who was designated as agent therein, for the sale of coal lands. Hoffacker later refused to accept the delivery of the deeds. Otis & Co., on October 11, 1926, issued a writ of foreign attachment in the court of common pleas of Allegheny county, Pa., against Williams, summoning Hoffacker as garnishee. Judgment was rendered against Williams for $20,-052.50, but since he was not a citizen of Pennsylvania and did not appear, the judgment was only one in rem and had effect only against whatever property the garnishee, Hoffacker, may have had of Williams. Williams later sued Hoffacker for breach of contract and recovered a verdict and judgment for $25,000. Later, Williams entered suit against the Pittsburgh Coal Company in the District Court as the undisclosed principal of Hoffacker. This suit was dismissed, but this court in Williams v. Pittsburgh Terminal Coal Corp., 62 F.(2d) 924, reversed the District Court and granted a new trial. On June 20, 1933, Williams recovered a judgment for $142,-561.31. This was upheld by this court on appeal in Pittsburgh Terminal Coal Corp. v. Williams, 70 F.(2d) 65, and again in a petition for rehearing in Pittsburgh Terminal Coal Corp. v. Bennett (C.C.A.) 73 F. (2d) 387. Mrs. Bennett was the administratrix of Williams, who had died. She is one of the appellees in this suit. The plaintiffs in this bill in equity are assignees of Otis & Co. and ask that a trust be declared in their favor of the unsatisfied balance of the judgment owed by the Pittsburgh Terminal Coal Company to Bennett, and that the funds already paid to Mrs. Bennett be impressed with a trust in their favor.

The first question is whether Otis & Co. obtained anything at all in the foreign attachment proceedings. This depends on whether a breach of contract claim is subject to garnishment before the breach has been found absolutely to exist and before the claim is liquidated. There is no case directly in point in Pennslyvania. The Girard Fire & Marine Insurance Co. v. Field, 45 Pa. 129, case is the nearest. There an unliquidated claim against a fire insurance company for damages resulting from fire was held to be the subject of garnishment. The court, however, goes on to say that there was no dispute as to the amount of the loss which was decided upon without arbitration; that the losses were very easy

to compute because the standards were definite. The court further says: "Unliquidated damages in tort are not within it [the statute], nor a claim for damages arising from a mere breach of contract; but * * * 'a demand arising ex contractu, the amount of which was * * * susceptible of ascertainment by some standard referrable to the contract itself, sufficiently certain to enable the plaintiff by affidavit to aver, or a jury to find it, might be the foundation. * * * We cannot come to the conclusion that every unliquidated claim is without the reach of the attachment process. The reason of the exception has sufficient ground to operate on in the exclusion from it [statute] of such claims as are contingent, and such as possess no fixed standard for liquidation like torts or damages for breach of contract. These are demands, but not definite enough to be classed as 'personal estate,' 'goods and chattels,' and 'goods and effects.' "

This statement outlines the law in Pennsylvania. The statute has been reworded, but both parties agree that the change has not affected the above statement of the law. Thus we must decide whether the breach in the attachment suit was such that the damages were susceptible to ascertainment by the above standards.

In the Pennsylvania case, the liability was admitted; here, the liability was vigorously denied. One court gave Williams a judgment against Hoffacker for $25,000; this court allowed a judgment against the principal for some $142,000 to stand. This indicates that the standard was far from definite. In the contract Williams had agreed to accept certain property in part payment for other property.

Accordingly, we hold that this unliquidated claim was not the subject of garnishment. To allow such a claim to be garnished would seem to unwisely interfere with the contracting parties from settling their differences by a new contract or some other method out of court. In this case it is true that the breach was later adjudicated and found to exist; but this cannot affect the matter as of the time of the attempted garnishment. The general rule, however, is that unliquidated claims for tort or breach of contract are not the subject of garnishment. Selheimer v. Elder, 98 Pa. 154.

The District Court dismissed the complaint on the theory that the District Court could not enforce the judgment in rem granted in the state courts. National Fire Ins. Co. v. Sanders, 38 F.(2d) 212 (C.C.A. 5) holds that attachment and garnishment proceedings did not vest jurisdiction of the res in the state court as such proceedings are quasi in rem.

After full consideration of all the questions here involved, but holding, as we do, that the view of the court was right in deciding as it did, the judgment below is affirmed.