**A. & E. PLASTIK PAK CO., Inc.,
Appellant,**

v.

**William N. BOWIE, Jr., Trustee, Appellee.**

**No. 20063.**

United States Court of Appeals
Ninth Circuit.

March 23, 1966.

Meyer Berkowitz, Beverly Hills, Cal., for appellant.

A. S. Goldman, Leonard A. Goldman, Earle Hagen, Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is an appeal from an order of the District Court affirming an order of the Referee in Bankruptcy restraining the appellant "from proceeding against any monies which may be held by the Security First National Bank under an amended return to a Writ of Attachment dated January 30, 1963 and referring to monies held by said Bank in account number 078 675 in the name of HOLLAND BULB IMPORTERS, INC. on said date."

The facts leading up to the appeal in this case are not in dispute, and may be summarized as follows:

On December 11, 1962, an action was commenced in the Municipal Court of Los Angeles Judicial District, located in Los Angeles, California, by appellant and against Holland Bulb Importers, Inc. A writ of attachment was issued out of said action and served on the Security First National Bank, which bank, on December 13, 1962, made a "not indebted" return to said attachment. Thereafter appellant caused proceedings to be had against said bank pursuant to § 545 of the Code of Civil Procedure of the State of California, and as a consequence thereof, on January 30, 1963, the bank answered in an amended return to said writ of attachment that it was holding under and in response to said writ of attachment the sum of $2,579.02, .funds of Holland Bulb Importers, Inc.

On November 18, 1963, an involuntary petition in bankruptcy was filed by creditors against Holland Bulb Importers, Inc., and said corporation was adjudicated a bankrupt on December 13, 1963.

On April 1, 1964, appellee was duly appointed and qualified as trustee of the bankrupt estate.

On June 2, 1964, the trustee filed an application for stay of State Court proceedings, restraining order and order to show cause to prohibit appellant from prosecuting its action against Holland Bulb Importers, Inc., and ordering the bank to surrender to the trustee any monies or properties held under the levy of the writ of attachment. The restraining order was granted by the referee on June 2, 1964.

On October 30, 1964, following the hearing on the order to show cause, the referee issued his restraining order against appellant from proceeding against the attached funds in the Municipal Court action above mentioned, and restrained appellant from proceeding against any monies which may be held by the Security First National Bank standing in the name of Holland Bulb Importers, Inc.

Appellant caused its action filed in the Municipal Court to be set for trial on July 27, 1964, but no trial has been had because of the restraining order issued by the referee on June 2, 1964.

The referee found the facts to be as above stated and in addition found as facts that:

"There was no evidence shown or introduced that A. & E. or its officers or agents, knew, nor did they have any reason to believe that Bankrupt was insolvent at anytime prior to the filing

of the Involuntary Petition in Bankruptcy hereinafter referred to and the oral evidence of A. & E. to the effect that A. & E. and its officers and agents did not know nor did they have any reason to believe that Bankrupt was insolvent at anytime prior to the filing of the Petition in Bankruptcy was true."

Among conclusions of law the referee found:

### "II.

"The Attachment of A. & E. was a valid and existing Attachment under California law, having all the characteristics incident thereto, and the said Attachment existed as of the 12th day of December, 1962, over eleven months prior to the filing of the Involuntary Petition in Bankruptcy herein.

### "III.

"The Attachment lien obtained by A. & E. under the laws of the State of California, is and was contingent and inchoate, and is merely a *Lis Pendens Notice* that a right to perfect a lien exists. Due to the fact that no Judgment has been obtained by A. & E. prior to the filing of the Petition in Bankruptcy on November 18, 1963, no transfer of the property of the Bankrupt to A. & E. occurred.

### "IV.

"The Trustee of the Estate of the Bankrupt was vested by operation of law with the title to the proceeds of the Attachment held by the Bank in the sum of Twenty-five Hundred Seventy-nine and 02/100 ($2,579.02) Dollars as set forth in the Bank's amended return to the Writ of Attachment, said vesting having occurred on November 18, 1963.

### "V.

"A. & E., the creditor of Bankrupt, did not know or have reason to believe that HOLLAND BULB IMPORTERS, INC. was insolvent at any time prior to November 18, 1963. However, this Court concludes that the creditors' lack of knowledge or lack of reasonable cause to believe that Bankrupt was insolvent at the time of the Attachment lien, is of no legal consequence herein."

Appellant petitioned for review of the referee's order, and on review the District Court confirmed the referee's order.

It is to be noted that more than eleven months intervened between the date of the levy of the attachment and the filing of the petition of involuntary bankruptcy. There is no finding that Holland Bulb Importers, Inc., was insolvent prior to the filing of the petition of involuntary bankruptcy. Appellee makes no such contention. The referee specifically found that appellant did not know nor have any reason to believe that Holland Bulb Importers, Inc., was insolvent at any time prior to November 18, 1963.

It is appellee's contention that the attachment lien in the instant case was only contingent and inchoate, did not constitute a "transfer" as that term is used in the Bankruptcy Act, and therefore that the attached property passed to the trustee free of the attachment lien under § 70(a)(5) of the Bankruptcy Act [11 U.S.C.A. § 110.]

In support of his contention appellee relies primarily on the decision of this court in Rialto Publishing Company v. Bass, 325 F.2d 527 (9th Cir. 1963). In Bass v. Stodd, 357 F.2d 458 (decided March 8, 1966), we had occasion to review our decision in *Rialto.*

In Bass v. Stodd we held that a California attachment lien on personal property, levied more than four months prior to the filing of the petition in bankruptcy and at a time when the debtor was solvent, constituted a valid transfer and was immune from attack by the trustee in bankruptcy under § 60 of the Bankruptcy Act. In that opinion we stated:

"In its holding to the contrary, *Rialto* is overruled."

For the reasons and on the authorities stated in Bass v. Stodd, we hold that the attachment lien in the instant case, obtained more than eleven months prior to

the filing of the petition in bankruptcy and at a time when the bankrupt was solvent, is valid against the claim of the trustee in bankruptcy.

We hold that the conclusions of law of the referee, set forth in paragraphs "III" and "IV", and above quoted, are erroneous.

The order appealed from is reversed. Neither party shall recover costs on this appeal.