In re Joseph **DECKER** and Ann **Decker,** i/t/a **Chestnut Ridge Farms, Debtors.**

Joseph **DECKER** and Ann **Decker,** i/t/a **Chestnut Ridge Farms, Plaintiffs,**

v.

**CENTRAL SOYA COMPANY, INC.** and **Forrest B. Sebring, Sheriff, Monroe County, Defendants.**

**Bankruptcy Nos. 79–408 to 79–410.**

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 24, 1983.

OPINION

THOMAS C. GIBBONS, Bankruptcy Judge.

The issue in this case, arising under the Bankruptcy Act of 1898 (the Act), is whether a creditor has a voidable preference under § 60 of the Act (former 11 U.S.C. § 96) upon obtaining a levy on the debtors' property more than four months prior to the commencement of bankruptcy and reducing that levy to cash through the sale of the property immediately prior to the filing of bankruptcy.

The parties have stipulated to the following facts. Judgment was entered against the debtors in favor of Central Soya Company, Inc. (Central Soya) in the Court of Common Pleas of Monroe County. A writ of execution was issued pursuant to the judgment against certain property of the debtors on September 18, 1978. Forrest B. Sebring, the sheriff of the county, levied on the property the same day. Central Soya directed the sheriff to stay further proceedings on the levy in a letter dated September 27, 1978. Such stay was apparently requested in order to facilitate a more profitable sale of the levied property by the debtors rather than by the sheriff. The parties agreed that upon sale of the levied property the proceeds would be deposited with the sheriff. By praecipe filed on March 23, 1979, Central Soya requested that the stay of further proceedings be lifted. Shortly thereafter the sheriff scheduled a sale of the levied property for April 11, 1979. The Court of Common Pleas ordered that the sheriff's sale be stayed until May 10, 1979. The debtors filed for relief under Chapter XI of the Act on May 4, 1979. All the remaining property in question was sold immediately prior to May 4, 1979. The proceeds of the sale were deposited with the sheriff. The debtors filed the instant adversary action on May 12, 1982, seeking a turnover of proceeds from the sale of the levied property. Central Soya counterclaimed requesting that the proceeds be turned over to it.

▮ The parties have briefed two issues for resolution. The first is whether "a transfer of funds from the Sheriff to Central Soya violates the automatic stay imposed by the Bankruptcy Court and the Bankruptcy Act?" We find that the automatic stay is no bar to ordering a turnover of the proceeds from the sheriff to Central Soya.

The stay in question arises under Bankruptcy Rule 11–44(a) and is effective immediately upon the filing of a petition for relief under Chapter XI of the Act. The stay prohibits the commencement or continuation of any attempt to collect on a debt against the debtor or his property. Notwithstanding, the Court can order relief from the stay under Rule 11–44(d). Consequently, the Court is not barred from ordering the turnover of the proceeds to Central Soya if the creditor is entitled to such relief.

■ The parties next asked the Court to resolve the issue of whether "a transfer of funds from the Sheriff to Central Soya constitutes a voidable preferential transfer?" We find that no voidable transfer has occurred or will occur upon the transfer of the proceeds from the sheriff to Central Soya.

Collier generally describes a preference as follows:

It must be borne in mind that a preference in the common business sense, that is, favoritism by a debtor of a certain creditor or creditors, may be perfectly valid unless interdicted by statute. At common law, generally speaking, a debtor may by payment or other transfer lawfully prefer any one or more of his creditors over other creditors, so long as the object of the transaction is to pay or secure the payment of a debt. It is only where such transfer is related to a subsequent bankruptcy or insolvency statute that it runs afoul of prohibitory legislation and becomes invalid. As stated in *Johnson, Baillie Shoe Co. v. Bardsley*, [237 Fed. 763 (8th Cir.1916)], "Until the commencement of bankruptcy proceedings a debtor has the right to dispose of his property, the right to secure and pay his debts with it and the right to secure and pay one of his creditors in preference to others, provided the payment or security is not violative of any act of Congress or law of the state."

Accordingly, the entire invalidity of a transaction as a preference, when considered in the light of the debtor's subsequent bankruptcy, must come from the Bankruptcy Act itself.

3 (pt. 2) Collier on Bankruptcy, ¶ 60.02, p. 755–56 (14th ed. 1977) (footnotes omitted).

The debtors assert that Central Soya has or will obtain a preference upon the turnover of the proceeds due to § 60 of the Act. Section 60a(a)(1) states as follows:

*§ 60. Preferred Creditors.* a. (1) A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

For the purposes of § 60a:

(2) . . . a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee.

60a(2). Any such preference would be avoidable by the debtor if the creditor who received it or benefited by it, had at the time the transfer was made, reasonable cause to believe that the debtor was insolvent. § 60b.

Under Pennsylvania law, as is generally true, a levy upon property creates a lien in favor of the creditor. Cohen, Bankruptcy, Secured Transactions and Other Debtor-Creditor Matters, 333 (1981). Following the attachment of such a lien "no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior" to the rights of the creditor. Consequently, the transfer is deemed to occur at the time of the levy. *A. & E. Plastik Pak Co., Inc. v. Bowie*, 358 F.2d 148 (9th Cir.1966); *Walutes v. Baltimore Rigging Co., Inc.*, 390 F.2d 350 (4th Cir.1968). Since the levy occurred more than four months prior to the commence-

ment of bankruptcy, the transfer is not avoidable under § 60. The sale of the levied goods to third party purchasers within the four month period prior to bankruptcy is not considered a transfer under the Act since § 60a(2) indicates that the time of the attachment of the levy is the time of the transfer. Analogously, the transfer of funds from the sheriff to Central Soya will not be a transfer within the meaning of § 60. Consequently, the only transfer in issue in this case occurred on the date of the levy, September 18, 1978, more than four months prior to the commencement of bankruptcy, and thus such transfer is not a preference under § 60a(1).

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.