In re J. **ROBERT PIERSON,
INC., Debtor.**

**LONDON GROVE CONTRACTORS,
INC., Plaintiff,**

v.

**J. ROBERT PIERSON, INC., Marker and
Marker, Inc., Martin C. Marker, Jr. and
Martin C. Marker and Sons, Inc., Defendants.**

**Bankruptcy No. 82–00292G.
Adv. No. 83–1703G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 14, 1984.

Randall C. Schauer, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd., West Chester, Pa., for plaintiff, London Grove Contractors, Inc.

Janet M. Sonnenfeld, Philadelphia, Pa., Thomas G. Gavin, West Chester, Pa., for debtor/defendant, J. Robert Pierson, Inc.

Marker & Marker, Inc., Martin C. Marker and Sons, Inc. and Martin C. Marker, Jr., pro se.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

The issue in this case is whether a creditor, who commenced garnishment proceedings against the debtor grounded on a law-

suit instituted by the debtor against a third party, has a valid lien on the settlement proceeds of that action where the settlement occurred after the debtor filed for relief under the Bankruptcy Code ("the Code"). If so, we must determine if the creditor is entitled to relief from the automatic stay imposed by the Code in order to appropriate the fund. For the reasons stated herein we find that the creditor has no lien on the fund and thus we cannot grant relief from the automatic stay.

The facts of this case are as follows[1]: Marker & Marker, Inc. ("Marker"), was the builder of homes in a development in Concord Township, Pennsylvania. To aid in the completion of the project Marker contracted for the services of the debtor who in turn subcontracted much of the work to London Grove Contractors, Inc. ("London Grove"). Marker subsequently defaulted on the contract and failed to pay the debtor for work previously completed, which caused the debtor to default on its payments to London Grove. In state court, the debtor filed a complaint against Marker to which the latter filed an answer and counterclaim. In the same court London Grove instituted suit against the debtor upon which a default judgment of $49,416.50 was entered on June 21, 1981. In July of 1981 London Grove caused the issuance of a writ of execution against Marker, as garnishee, and the debtor. The said garnishment action was predicated on the debt owed by Marker to the debtor which was the subject of the above described action between these two parties. The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on January 25, 1982, although it has since been converted to a chapter 11 proceeding. In November of 1982 the debtor settled the action against Marker whereby the latter deposited a settlement fund of $50,000 in the state court pending the confirmation of the debtor's plan of reorganization.

■ A writ of execution properly served upon a garnishee creates a lien in the debt-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

or's property which is held by said garnishee. *Decker v. Central Soya Co., Inc.* (*In re Decker*), 27 B.R. 184, 186 (Bkrtcy.M.D. Pa.1983). Initially we must determine if the garnishment served to create such a lien on the action commenced by the debtor against Marker. In light of this issue, Pennsylvania law provides that "[a]ny person may be a garnishee and shall be deemed to have possession of property of the defendant if he (1) owes a debt to the defendant...." Pa.R.C.P. No. 3101(b). The debtor contends that the "debt of [a] garnishee to [a debtor] which is contingent, conditional and/or unliquidated at the time of service of [the] writ of garnishment is not subject to garnishment under Pennsylvania law." In Pennsylvania the "general rule ... is that unliquidated claims for tort or breach of contract are not the subject of garnishment. *Selheimer v. Elder*, 98 Pa. 154 (1881)." *Eaton v. Pittsburgh Terminal Coal Corp.*, 84 F.2d 364, 365 (3d Cir.1936). Although not "every unliquidated claim is without the reach of the attachment process,"[2] "when the claim arises from a breach of contract it cannot be attached unless the damages can be reduced to certainty by a definite standard; nor where they are speculative or incapable of being ascertained by a fixed standard." *Selheimer*, 98 Pa. at 158.

As stated above, in its action against Marker, the debtor filed suit for breach of contract since Marker ordered it off the job site without allowing it to complete the project. Marker defended the action by alleging, *inter alia*, that the debtor submitted numerous overcharges to it and, further, Marker counterclaimed that the debtor effected construction of the project in an unworkmanlike manner. In reviewing the complaint, answer and counterclaim in the action instituted by the debtor against Marker we find that, immediately prior to the filing of bankruptcy, the damages in the action were unliquidated and we cannot reduce the claim to greater certainty through any definite or fixed standard. As a result, under Pennsylvania law the chose in action was not subject to garnishment at any time prior to the filing for relief, and thus was not subject to any lien.

The Code gives the trustee the status of a creditor with a writ of execution against the property of the debtor unsatisfied as of the date of the petition. 11 U.S.C. § 544(a)(2).[3] "[T]he extent of the trustee's rights, remedies and powers as a lien creditor are measured by the substantive law of the jurisdiction governing the property in question." 4 *Collier on Bankruptcy* ¶ 544.02 at p. 544–8 (15th ed. 1982). "[S]ection 544(a)(1) or (2) confer on the trustee [no] greater rights than those accorded by the applicable law to a creditor holding a lien by legal or equitable proceedings." *Id.* at p. 544–10. Consequently, since the action by the debtor against Marker was too inchoate for attachment by London Grove's writ of garnishment, it is likewise unattachable, by the trustee at that time. The action was no longer too nearly inchoate for garnishment under a writ of attachment when the debtor and Marker settled the dispute with the transfer of a fixed sum of money. This

---

2. *Girard Fire and Marine Ins. Co. v. Field*, 45 Pa. 129, 133 (1863).

3. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists. * * *

change in circumstance benefits the trustee, since under § 544(a) his lien will attach to the settlement funds, but it will not aid London Grove since 11 U.S.C. § 362(a) bars the vesting of a creditor's property interest in property of the estate through the use of a writ of attachment or garnishment. In addressing the stay under § 362(a) *Collier* states, "Levy and execution against the pre-petition assets are stayed as well as attempts to collect or enforce the judgment against the debtor personally, such as by the debtor's examination or the like." 2 *Collier on Bankruptcy* ¶ 362.04, at 362–30 (15th ed. 1983).

In summary, prior to the commencement of bankruptcy, the lawsuit instituted by the debtor against Marker was too inchoate for attachment by a writ of garnishment. When the action was no longer inchoate due to the culmination of settlement negotiations, the trustee was deemed to have a lien on the action under § 544(a) but London Grove's lien did not attach due to the automatic stay imposed by § 362(a). Consequently, London Grove does not have a lien on the settlement funds and we must necessarily deny its request for relief from the stay since said relief is predicated on the existence of the garnishment lien.